UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | 04 CR 1072-2 |
| v. ) | |
| ) | Honorable Joan B. Gottschall |
| MIGUEL NARANJO ) | |

PROTECTIVE ORDER RELATING TO THE PROCEEDS
FROM THE SALE OF THE REAL PROPERTY
COMMONLY KNOWN AS 4941 SOUTH KEDVALE, CHICAGO, ILLINOIS

This matter comes before this Court on motion of the United States for a protective order relating to the proceeds from the sale of the real property _____ Chicago, Illinois pursuant to Title 21, United States Code, Section 853(e), and this Court fully advised finds as follows:

(a) On October 13, 2005, a second superseding indictment was returned charging defendant MIGUEL NARANJO and others with violations of the Controlled Substances Act, pursuant to the provisions of 21 U.S.C. § 846, among other violations;

(b) The second superseding indictment included allegations that certain property, including the real property _____ the Kedvale property") is subject to forfeiture, pursuant to the provisions of 21 U.S.C. § 853, as property which represents proceeds of the defendant's narcotics trafficking activities or property that was used or intended to be used to facilitate the commission of the defendant's narcotics trafficking activities. The Kedvale property is legally described as follows:

> LOT 27 IN BLOCK 11 IN WILLIAM A. BOND AND COMPANY'S
> ARCHER HOME ADDITION, BEING A RESUBDIVISION OF
> BLOCKS 1 TO 16 INCLUSIVE IN WILLIAM A BOND'S
> SUBDIVISION OF THE EAST ½ OF THE NORTHEAST 1/4 OF

SECTION 10, TOWNSHIP 38 NORTH, RANGE 13, EAST OF THE
THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Permanent Real Estate Index:19-10-221-014.

(c) On January 4, 2005, the United States recorded a notice of *lis pendens* with the Cook County Recorder of Deeds Office under the grand jury case number 04 GJ 228 against the Kedvale property, because as set forth in the application submitted in support of the request, the real property is subject to forfeiture. The record owner of the Kedvale property is Fred Habel. However, there is probable cause to believe that prior to his arrest, Miguel Naranjo used the residence to store narcotics. In addition, federal agents observed Miguel Naranjo doing substantial remodeling work to the property. A mortgage is held on the subject real property by LaSalle Bank;

(d) On or about January 3, 2007, the government learned that defendant MIGUEL NARANJO had entered into a contract to sell the subject real property for the purchase price of $300,000;

(e) The United States requests that the Court enter an order allowing the sale of the Kedvale property to proceed and directing that the proceeds from the sale, after the payment of certain costs, detailed in paragraph (h) below, be retained in an escrow account pending further order of this court;

(f) Failure to take the proposed action, in all probability, will result in economic damage and may affect the value of the real property, jeopardizing the availability of any equity in the real property, thus making the property or proceeds from the sale unavailable for forfeiture;

(g) Pursuant to 21 U.S.C. § 853(e), this Court has jurisdiction to enter orders or take other action to preserve and to protect property to insure that the property will be available for forfeiture in the event of conviction;

2

(h) Specifically, Title 21, United States Code, Section 853(e)(1) provides in pertinent part:

> Upon application of the United States, the Court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section -
>
> > (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

(i) In the event that the Kedvale property is sold, pursuant to the terms of the contract, to preserve the availability of the proceeds of the sale, the United States requests that, after an approved accounting and the payment of certain costs, namely, the above-described mortgage, attorney's fees, and the real estate broker's commission, the remaining proceeds shall be held in escrow by the United States Marshal pending further order of this Court;

(j) Failure to take the proposed action, in all probability, will result in economic damage and may affect the value of the real property, and jeopardize the availability of any equity in the real property, thus making the property or proceeds from the sale unavailable for forfeiture.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. That, the government's motion for the entry of a protective order directing the proceeds from the sale of the property be held in escrow, pursuant to the pursuant to the provisions of 21 U.S.C. § 853(e)(1); it is further ordered,

2. That, prior to the release of the lis pendens, the United States shall be provided with an accounting of costs and obligations related to the settlement for approval. After the satisfaction

3

of certain costs, and the transfer of the proceeds to the United States Marshal, the lis pendens notice shall be released; it is further ordered,

3. That, the proceeds from the sale of the real property shall be retained in an escrow account by the United States Marshal pending further order of this Court; it is further ordered,

4. That, this Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this protective order.

JOAN B. GOTTSCHALL
United States District Judge

DATED: 1/18/07

4